[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2009
THOMAS K. KAHN
CLERK

No. 08-17010
Non-Argument Calendar
_____

Agency No. A097-660-008

BIN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 26, 2009)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Bin Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeal's decision denying his appeal from the Immigration Judge's order denying his application for asylum under the Immigration and Nationality Act. Lin contends that he has a well-founded fear of future persecution based on an imputed political opinion, namely that Chinese authorities perceived him as being a supporter of Falun Gong.

Because the BIA issued its own decision and did not adopt the IJ's one, our review is limited to BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). The BIA's factual determinations are reviewed under the "substantial evidence" test. Id. at 1283. Under that test, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1283-84 (citations and internal quotation marks omitted). We will reverse the BIA only when the record compels us to, and the fact that the record also supports the petitioner's case is not enough to reverse. Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc). Moreover, in our review we may not find or consider facts not raised in the administrative record, nor may we reweigh the evidence from scratch. Id. at 1027.

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). An alien is eligible for asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). Under the INA, a "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42 )(A). The asylum applicant carries the burden of proving statutory "refugee" status. Id. at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. An imputed belief, whether correctly or incorrectly attributed, may constitute a ground for a "well-founded fear" of persecution under the INA. Al Najjar, 257 F.3d at 1289.

Lin contends that he will be persecuted if he is returned to China because of his imputed association with Falun Gong. Specifically, he argues that he will be arrested and persecuted because the Chinese government assumes he is a Falun Gong supporter because he sold Falun Gong literature at his bookstore. Substantial evidence supports the BIA's finding to the contrary. Lin has the burden of demonstrating that his "fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. To do, he must present "specific,

3

detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

Lin's fear-of-persecution argument is based on theory that the Chinese government shut down his bookstore because he was selling Falun Gong literature, and therefore that the Chinese government believes he supports Falun Gong. That argument fails. The only supporting evidence that Lin presented was a statement in his asylum application that a friend advised him that he was perceived as selling Falun Gong literature and may be investigated. That is not enough evidence, however, to compel the conclusion that Lin's bookstore was shut down because he was selling Falun Gong literature, much less that the government will persecute Lin upon his return.

The BIA concluded that the Chinese authorities did not shut down Lin's bookstore on account of Lin's perceived support of Falun Gong. Lin argues that it is nonetheless reasonable to conclude from the record that he will be persecuted if he returns to China. It is not enough that the record supports the petitioner's claim. See Adefemi, 386 F.3d at 1027 ("[T]he mere fact that the record may support a contrary conclusion in not enough to justify a reversal of administrative findings."). The record must compel us to reverse the BIA. Id. Here it does not. Instead, the record provides substantial evidence to support the BIA's

4

determination that Lin has not demonstrated a well-founded fear of future persecution if he returns to China.

**PETITION DENIED.**